# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

PRESTIGE CAPITAL CORPORATION,

    Plaintiff,

    v.

COLT'S MANUFACTURING COMPANY, LLC,

    Defendant.

Civil Action No.

## COMPLAINT

Plaintiff, Prestige Capital Corporation ("Plaintiff" or "Prestige"), by and through its undersigned counsel, as and for its Complaint against Defendant, Colt's Manufacturing Company, LLC ("Defendant" or "Colt") respectfully states as follows:

## NATURE OF THE ACTION

1. This is an action brought to redress Colt's bad faith conduct in willfully breaching its contractual obligations to Prestige. Colt induced Prestige to finance the accounts receivable of a third party, Chazkat, LLC d/b/a Bold Ideas ("Bold Ideas"), so that Bold Ideas could timely manufacture rifles and rifle subassemblies to sell to Colt. As a result of the factoring relationship, Colt was required to make payment to Prestige.

2. Between September of 2016 and March of 2017, based on invoices rendered by Bold Ideas, Colt made over forty (40) payments to Prestige totaling approximately $6,000,292.89. However, in the middle of March of 2017, in violation of its contractual obligations, Colt wrongfully reduced the minimum quantities of firearms that it was purchasing. It further informed Prestige that it would no longer make payment, purportedly as a result of sums due and owing from Bold Ideas. At the time, Colt owed Prestige $1,173,750.71.

3. In response to a demand letter from Prestige dated March 23, 2017, Colt made two more payments totaling $603,454.04. After accounting for permitted setoffs and accepted deductions (i.e. returns of defective products), the amount due and owing to Prestige is presently $500,001.35. Colt has refused to pay this sum.

4. Prestige brings this action to obtain the outstanding sums due and owing, and in accordance with the parties' agreement, seek an award of its reasonable attorneys' fees and costs, as further set forth herein.

## PARTIES

5. Plaintiff Prestige is a New Jersey corporation with its principal place of business located at 400 Kelby Street, Fort Lee, New Jersey 07024.

6. Defendant Colt is a Delaware limited liability company with its principal place of business located at 547 New Park Avenue, West Hartford, Connecticut 06110.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1367. The amount in controversy exceeds $75,000, exclusive of costs and interest.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), because the Defendant is subject to personal jurisdiction in this district and because a substantial portion of the events or acts complained of occurred within this District.

## FACTUAL ALLEGATIONS

9. Prestige is a boutique commercial finance company that provides accounts receivable financing, also known as factoring, to a variety of companies throughout the United States. Factoring is a type of financing whereby a business sells its accounts receivable to a third party (commonly referred to as the factor) in consideration for the value of or the discounted

value of those accounts.  Factoring provides businesses with an immediate cash flow to assist them in their day-to-day operations when their customers are slow to make timely payments.

10. On or about September 17, 2014, Prestige entered into a Purchase and Sale Agreement, as subsequently modified, with Bold Ideas (the "PSA").  A copy of the PSA and its modifications dated June 13, 2016 and August 3, 2016 are attached hereto as Exhibit A and incorporated by reference herein.

11. Pursuant to Section 1 of the PSA, Bold Ideas sold, transferred and assigned all of its rights, title and interest in and to its accounts receivable in exchange for an advance payment on its accounts receivable.  Thereafter, on or about September 19, 2014, Prestige filed a UCC-1 Financing Statement with the Oregon Secretary of State which covered, "All assets of the debtor, whether now owned or hereafter created or acquired."

12. Included among the accounts receivable purchased by Prestige was the Colt account.  Colt had entered into a Manufacturing and Sales Agreement dated as of November 2015 (the "MSA") with Bold Ideas, wherein Bold Ideas manufactured and sold certain rifles and rifle subassemblies to Colt in exchange for payment.  A copy of the MSA is attached hereto as Exhibit B and incorporated by reference herein.

13. By signed notice dated August 5, 2016 (the "Notice"), Bold Ideas informed Colt that it had assigned its accounts receivable to Prestige, and that Colt was to direct payment of the full amount of all present and future invoices to Prestige.  A copy of the Notice is attached hereto as Exhibit C and incorporated by reference herein.

14. Bold Ideas manufactured and sold rifles and rifle subassemblies to Colt, however, pursuant to the factoring arrangement, Colt was required to make payment to Prestige.

15. Between September of 2016 and March of 2017, Bold Ideas rendered invoices for rifles manufactured and Colt made over forty (40) payments to Prestige totaling approximately $6,000,292.89.

16. However, in March of 2017, Colt began taking willful and deliberate actions that made it clear that Colt no longer intended to honor the terms of the MSA.

17. Colt's bad faith campaign began by first wrongfully reducing its minimum purchase orders from Bold Ideas in violation of the MSA.

18. By letter dated March 15, 2017, Colt informed Bold Ideas that "effective immediately, Colt hereby reduces its purchase order to 800 units per month, or a new quarterly rate of 2,400 units." A copy of this letter is attached hereto as Exhibit D and incorporated by reference herein.

19. The MSA specifically does not allow Colt to unilaterally reduce its purchase orders without proper notice. Pursuant to Section 2(a) of the MSA, Colt agreed to issue purchase orders to buy a minimum of 6,000 rifles per quarter. Section 2(b) of the MSA further provides that "In the event COLT desires to order less than six thousand (6,000) rifles per quarter from BOLD IDEAS, it shall give Bold Ideas sixty (60) days' notice of its intentions. BOLD IDEAS shall have the right to accept an adjusted or renegotiated order for Rifles, or terminate this Agreement after all existing purchase orders are fulfilled."

20. Colt failed to provide Bold Idea with the requisite 60 days' notice as its March 15th correspondence made clear that it was "immediately" reducing its orders to less than half of what was contractually required. Upon information and belief, this breach by Colt effectively caused Bold Ideas to cease operations and go out of business.

21. Colt's bad faith conduct did not stop with this wrongful violation of its minimum purchase requirements under the MSA.

22. On March 16, 2017 -- just one day after Colt had informed Bold Ideas that it was "immediately" reducing its rifle orders below the MSA's minimum purchase requirements -- Colt notified Prestige that it would no longer be making payments, purportedly due to setoffs owed by Bold Ideas under Section 2(a) of the MSA.

23. Section 2(a) of the MSA provides that "COLT shall have the right to setoff up to ten percent (10%) of any invoice with respect to any amounts due from BOLD IDEAS to COLT . . . ." Conversely, Colt is not permitted to setoff more than 10% of any given invoice amount.

24. By letter dated March 23, 2017, Prestige, through its counsel, demanded that Colt pay the then-outstanding balance of $1,173,750.71. A copy of this letter is attached hereto as Exhibit E and incorporated by reference herein. In its letter, Prestige further reiterated that any setoffs were limited to 10% of an invoice pursuant to Section 2(a) of the MSA.

25. In response, Colt made payments to Prestige of $303,812.88 on March 31, 2017 and $299,641.16 on April 7, 2017. After accounting for these payments, the aforementioned 10% setoffs and accepted deductions, $500,001.35 remains due and owing to Prestige. Despite multiple follow-up demands for payment by Prestige, Colt has failed to make payment.

26. There are presently invoices outstanding and owing to Prestige in the total amount of $500,001.35. Pursuant to Section 2(a) of the MSA, Colt is only permitted to setoff up to 10% of this sum.

## COUNT I - BREACH OF CONTRACT

27. Prestige incorporates by reference its allegations contained in paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Colt was properly notified and fully-aware that Bold Ideas sold and assigned its accounts receivable to Prestige. Under Section 1 of the PSA, Bold Ideas further gave Prestige the "full power to collect, sue for, compromise, assign or in any other manner enforce collection thereof in Prestige's name or otherwise."

29. The MSA is an enforceable contractual agreement. Pursuant to Conn. Gen. Stat. 42a-9-404(a), the assignment and sale to Prestige is subject to and governed by the terms of the MSA.

30. In breach of its obligations under the MSA, Colt has failed to make payment to Prestige.

31. As a result of Colt's conduct, Prestige has been damaged in an amount to be determined at trial. Prestige is further entitled to an award of "all costs and expenses, including reasonable attorneys' fees," pursuant to Section 19 of the MSA.

## COUNT II - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

32. Prestige incorporates by reference its allegations contained in paragraphs 1-26 of the Complaint as if fully set forth herein.

33. The MSA is a contract, pursuant to which Colt is required to make payment to Prestige.

34. As a contract, the MSA contains within it an implied covenant of good faith and fair dealing.

35. Colt has acted unreasonably and in bad faith by refusing to make payment, by wrongfully "immediately" reducing its orders from Bold Ideas in violation of the MSA, and by claiming that it is entitled to excessive setoffs of sums owed to Prestige, purportedly due to the conduct of Bold Ideas. Colt's actions have interfered with and impaired Prestige's ability to

receive the payments that it is entitled to under the MSA and constitute a breach of the implied covenant of good faith and fair dealing.

36.     As a result of Colt's conduct, Prestige has been damaged in an amount to be determined at trial.

## COUNT III - UNJUST ENRICHMENT

37.     Prestige incorporates by reference its allegations contained in paragraphs 4-8 of the Complaint as if fully set forth herein.

38.     Colt has received a benefit in the form of multiple rifles and rifle subassemblies.

39.     Colt has unjustly refused to pay for said benefits, to the detriment of Prestige.

40.     As a result of Colt's conduct, Prestige has been damaged in an amount to be determined at trial.

## COUNT IV - ACCOUNT STATED

41.     Prestige incorporates by reference its allegations contained in paragraphs 1-26 of the Complaint as if fully set forth herein.

42.     From February 8, 2017 through March 10, 2017, Colt was issued invoices totaling $1,173,750.71.  To date, only $603,454.04 has been paid.  After accounting for permitted setoffs and accepted deductions, an outstanding balance of $500,001.35 remains due and owing.

43.     Colt did not timely dispute the invoices and indeed accepted the rifles and rifle subassemblies provided.  Colt instead claimed that it was permitted to setoff sums purportedly due and owing to it from third party, Bold Ideas.

44.     The invoices totaling $500,001.35 are prima facie evidence of the indebtedness owed by Colt to Prestige.

-8-

45. Prestige has demanded payment of the invoices and Colt has refused and failed to make payment.

46. As a result of Colt's conduct, Prestige has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Prestige Capital Corporation, prays for Judgment against Colt's Manufacturing Company, LLC, as follows:

1. Money damages;

2. An award of reasonable attorneys' fees and costs;

3. Pre- and post-judgment interest pursuant to Conn. Gen. Stat. § 37-3a;

4. Prejudgment remedies; and

5. Such other and further relief as this Court deems just and proper.

        THE PLAINTIFF,
        PRESTIGE CAPITAL CORPORATION

        BY CUMMINGS & LOCKWOOD LLC
        ITS ATTORNEYS


        /s/ Steven I. Frenkel
        Steven I. Frenkel (ct07038)
        David T. Martin (ct27581)
        Six Landmark Square
        Stamford, CT  06901
        Tel.: (203) 327-1700
        Fax: (203) 708-3865
        E-mail: sfrenkel@cl-law.com
                dmartin@cl-law.com

3365404_1.doc 6/29/2017