## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

PRESTIGE CAPITAL CORP,

               Plaintiff,

  v.

COLT'S MANUFACTURING COMPANY, LLC,

               Defendant.

Civil Action No.
3:17-CV-1082 (CSH)

**February 21, 2018**

## MEMORANDUM AND ORDER ON SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

This action comes before the Court as a breach of contract dispute, filed by Plaintiff Prestige Capital Corp ("Prestige" or "Plaintiff") against Defendant Colt's Manufacturing Company, LLC ("Colt," "Defendant," or "Third Party Plaintiff"). Presently, discovery deadlines in this matter are stayed, pursuant to this Court's Order of November 1, 2017. Pending is Plaintiff's Motion for Summary Judgement [Doc. 29]. Defendant Colt has filed a Third Party Complaint [Doc. 26] against Third Party Defendant Chazkat, LLC d/b/a Bold Ideas ("Bold Ideas" or "Third Party Defendant"). Bold Ideas has made no appearance in this matter, and its default was entered by the Clerk on September 5, 2017, pursuant to Federal Rule of Civil Procedure 55(a).

Reviewing the Complaint [Doc. 1], the Answer and Third Party Complaint [Doc. 12], and the Report of Rule 26(f) Planning Meeting [Doc. 26], the Court finds that the Parties have failed to allege sufficient facts from which this Court may determine the citizenship of the parties for

1

purposes of diversity of citizenship jurisdiction.

"[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000). The Court thus has the obligation to determine *sua sponte* whether federal subject matter jurisdiction is present. Therefore, as set forth *infra,* the Court must ascertain whether subject matter jurisdiction exists or this case should be dismissed for lack thereof. It thus follows that the Parties must make additional submissions so the Court may consider the existence *vel non* of its subject matter jurisdiction.

Given the exclusively state law claims asserted by Plaintiff, there is no basis upon which this Court may assert "federal question" subject matter jurisdiction under 28 U.S.C. § 1331.[1] Conceptually, diversity of citizenship is an alternative jurisdictional basis. However, as set forth below, Plaintiff has failed to plead sufficient facts to demonstrate "diversity of citizenship" subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a).[2]

---

[1]   28 U.S.C. § 1331, captioned "Federal question," provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2]   28 U.S.C. § 1332(a) provides, in relevant part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

Accordingly, before the Court may allow this action to proceed, it must determine whether it has "diversity of citizenship" subject matter jurisdiction. To do so, the Court requires additional facts regarding the citizenship of Defendant Colt, a limited liability company.

Further, this opinion will address some present procedural and jurisdictional uncertainty regarding the Third-Party Complaint and direct Colt to make certain filings if it wishes to maintain that impleader action.

## I. SUBJECT MATTER JURISDICTION OF THE FEDERAL DISTRICT COURTS

Federal district courts are courts of limited jurisdiction, under Article III, Section 2, of the United States Constitution. *See, e.g., Chicot Cnty. Drainage Dist. Baxter State Bank*, 308 U.S. 371, 376 (1940), *reh'g denied*, 309 U.S. 695 (1940). The question of subject matter jurisdiction is fundamental so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) there exists

---

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . .

"diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a). *See also Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

Unlike personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). 211 F.3d at 700-01. *See also, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action . . . for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . . .") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))*; Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, such diversity "must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). *See also Wolde-Meskel v. Vocational Instruction*

*Project Comm. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed – the 'time-of-filing' rule.")

In the case at bar, upon review of the Complaint it appears that the only potential basis for subject matter jurisdiction is diversity of citizenship, 28 U.S.C. § 1332(a). In other words, there are no claims arising pursuant to federal statute or the United States Constitution. In order for diversity of citizenship to exist as to the Complaint, Plaintiff Prestige must not share citizenship in any state with Defendant Colt. Absent the showing of such complete diversity, this Court may not exercise subject matter jurisdiction over this matter.

## II. DISCUSSION

### A. Citizenship of Plaintiff

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

The facts asserted in the Complaint, in combination with Plaintiff's Corporate Disclosure Statement [Doc. 3], satisfactorily establish that corporate Plaintiff is a citizen of the State of New Jersey and of no other state.

### B. Citizenship of Defendant

With respect to the citizenship of Defendant, a limited liability company, neither party has provided adequate facts from which its citizenship may be determined. The Complaint states, and the Defendant has not contested, that "Defendant Colt is a Delaware limited liability company with its principal place of business located at 547 New Park Avenue, West Hartford, Connecticut 06110."

Compl. ¶ 6.

"The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction). *See also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000), as the appropriate "test for determining the citizenship of a limited-liability company").

In their filings to date, the Parties have failed to provide the Court with the identities and citizenship of any, much less all, of Colt's members. Citizenship of each member of the limited liability company must be known to insure that complete diversity exists between Plaintiff and Defendant in this action. Moreover, said citizenship must be established on the date Plaintiffs commenced this action, June 29, 2017. If any member of Colt was a citizen of the State of New Jersey as of that date, diversity of citizenship will be defeated, and this Court deprived of jurisdiction over this matter.

## C. Jurisdictional Amount

Finally, even if the citizenship of the parties can be demonstrated to be diverse, the amount in controversy must exceed $75,000, "exclusive of interest and costs." 28 U.S.C. § 1332(a). To

invoke the jurisdiction of a federal court, one "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994).

Plaintiff has met this burden, by, *inter alia*, the Complaint's assertion that, in this breach of contract action, Defendant Colt has "an outstanding balance of $500,001.35," which sum remains "due and owing" to Plaintiff. Compl. ¶ 42. Thus the only facts lacking in order to establish (or defeat) this Court's subject matter jurisdiction under § 1332 are those pertaining to the citizenship of Defendant Colt.

## III. COLT'S THIRD-PARTY COMPLAINT

At this juncture, the Court will briefly address the question of subject matter jurisdiction over Defendant Colt's Third-Party Complaint against Bold Ideas. An impleader claim, as every other claim in federal court, must be assessed individually to confirm the existence of a proper basis for federal subject matter jurisdiction. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 66 n. 1 (1996) ("Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of *each additional claim* is to be assessed individually.") (emphasis added). "[W]hether a court has subject matter jurisdiction over a third-party . . . , is distinct from an assessment of the propriety and merits of an impleader action." *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000).

Because the proposed impleader claims arise under Connecticut common and statutory law (breach of contract, contractual and/or equitable indemnification) there is no "federal question" implicated by the Third-Party Complaint. The Third-Party Complaint asserts that this Court has

subject matter jurisdiction "pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367(a)."[3]  Answer and

Third-Party Compl. at 11.   However, the Court presently lacks sufficient facts upon which to

determine whether or not "diversity" jurisdiction exists as to the Third-Party Complaint.

As explained *supra*, Third-Party Plaintiff Colt has not satisfactorily established its own

citizenship for diversity purposes.  As to Bold Ideas, the Answer and Third-Party Complaint asserts

that "[u]pon information and belief, Bold Ideas is an Oregon limited liability company with a

principal place of business in the State of Texas."  Answer and Third-Party Compl. at 11.  No other

facts regarding the citizenship of Bold Ideas have been asserted.  As explained in detail *supra*

(relative to the citizenship of Defendant limited liability company Colt) the asserted facts are not

sufficient to establish the citizenship of Bold Ideas, itself a limited liability company, which shares

the citizenship of each of its members.

In the absence of either established "diversity" or "federal question" subject matter

jurisdiction over Colt's third-party claims against Bold Ideas, this Court may still possess subject

matter jurisdiction, in the form of supplemental jurisdiction under 28 U.S.C. § 1367.[4]  That statute,

captioned "Supplemental [J]urisdiction," provides that "in any civil action of which the district courts

have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §

1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention

---

[3] § 1367 delimitates this Court's supplemental jurisdiction, as discussed further *infra.*

[4]  Supplemental jurisdiction was codified at 28 U.S.C. § 1367(a) in 1990.  Prior to that date, federal courts recognized common law "ancillary jurisdiction."

of additional parties." *Id.* If the claims in the Third Party Complaint arise from the same nucleus of

operative fact as Plaintiffs' Complaint, the Court may exercise supplemental jurisdiction.[5] *See, e.g.*,

*Coale v. Metro-North R.R. Co* ., No. 3:08-CV-01307 (CSH), 2009 WL 212063, at * 1-2 (D.Conn.

Jan. 29, 2009) (recognizing supplemental jurisdiction with respect to interstate railroad carrier's

third-party common law indemnity claim in relation to plaintiff railroad worker's personal injury

action under the FELA).

Some further facts affect the Court's disposition towards Colt's Third Party Complaint.

Namely, Third Party Bold Ideas has entered no appearance in this matter. Upon Colt's Motion [Doc.

22], the Clerk entered Bold Ideas' default under Federal Rule of Civil Procedure 55(a) on September

5, 2017. Colt moved for, and was granted, a ninety-day extension of the time allowed to file its

motion for default judgment under Rule 55(b), establishing a new deadline of January 3, 2018, after

which the Clerk would dismiss the Third-Party Complaint under Rule 41(a). That deadline has now

---

[5]    Section 1367(b) disallows  district courts' exercise of supplemental jurisdiction if
original jurisdiction is based solely on diversity of citizenship and the party bringing the claim to
be added is a plaintiff or intervenor who requests to be a plaintiff.  However, § 1367(b) does not
prevent  district courts from exercising supplemental jurisdiction over third-party claims.  The
Second Circuit explained, as follows:

> Significantly, § 1367(b) reflects Congress' intent to prevent original plaintiffs –
> but not defendants or third parties – from circumventing the requirements of
> diversity. . . .  By contrast, "[b]ecause defendants are involuntarily brought into
> court, their [claims a]re not deemed as suspect as those of the plaintiff, who is
> master of his complaint." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493
> (4th Cir.1998); *see also Associated Dry Goods* [*v. Towers Fin. Corp.*], 920 F.2d
> [1121,] 1126 [(2d Cir. 1990)] (noting that "ancillary jurisdiction should be more
> readily available to one haled into court against his or her will than to a plaintiff
> who has chosen the forum for litigation") . . . .

*Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726 -27 (2d Cir. 2000) (some internal citations
omitted).

expired, and Colt has made no motion for default judgment. While discovery in this matter has been stayed, pending resolution of Prestige Capital's Motion for Summary Judgment, the deadline for filing of motion for default judgment was unaffected by that stay.

Given the present paucity of jurisdictional facts and the uncertain procedural status of Colt's Third-Party Complaint, the Court will not conduct a full analysis as to possible supplemental jurisdiction over the Third Party Complaint at this juncture.

## IV.  CONCLUSION AND ORDERS

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS the Parties to establish, by affidavit, citizenship for diversity purposes as of the date this action was commenced, June 29, 2017.

Defendant Colt's Manufacturing Co., LLC is ORDERED to submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members as of June 29, 2017. If said members are individuals, Colt must provide their states of domicile. If any members are corporations, Colt must indicate all states of incorporation and the principal place of business for each corporation. *See* 28 U.S.C. § 1332(c)(1). If the members include any limited liability company, Colt shall establish the citizenship of each member of that limited liability company. Defendant Colt shall file and serve all required affidavits regarding citizenship on or before **Wednesday, March 14, 2018.**

If Colt wishes to maintain its impleader action against Bold Ideas it must, on or before **Wednesday, March 14, 2018**, file either a motion for default judgment under Rule 55(b) or, in the alternative, a motion for extension of time, complying with Local Rule 7(b) and setting forth the reasons why the movant failed to file such motion for further extension prior to the expiration of the

established January 3 deadline.  Either filing must establish the basis for this Court's subject matter jurisdiction over the Third-Party Complaint, and, in the event that Colt maintains that such jurisdiction lies under § 1332 (diversity), state facts sufficient to establish the citizenship of Colt and Third-Party Defendant Bold Idea, as explained immediately *supra*.  If complete diversity does not exist as between Colt and Bold Ideas, Colt must, in the alternative, plead facts establishing that the Third-Party Complaint is subject to this Court's supplemental jurisdiction under § 1367.  If no such filing is made, the Third-Party Complaint will be dismissed.

All case deadlines are stayed pending the Court's review of the ordered filings.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed, and the Court will consider Plaintiff's pending Motion for Summary Judgment [Doc. 9].  The stay on discovery in this matter, pending resolution of that Motion, will remain in place until lifted by the Court.  In the absence of subject matter jurisdiction, the Court will, perforce, dismiss the action.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 21, 2018

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge